By the Court.—Speir, J.
The only question presented by the appellant relates to the allowance of the counter-claim, and his objection is put upon the ground that the agreement to buy the stock of the East Side Association is void by the statute of frauds.
The referee has found that “ the twenty-five shares in the Torkville building,” stated in the note or memorandum in writing, meant the East Side Association, and the said twenty-five shares of the capital stock thereof. He has also found that there was due at the time the note was written by the defendants to the plaintiff more than one hundred and twenty-five dollars, and that half the price of the .said twenty-five shares was one hundred and twenty-five dollars.
When the plaintiff1 asked that one hundred and twenty-five dollars, being one-half the price of the stock, be charged to his account as a payment on account of the stock, he promising to pay the other half price when the certificate was issued, and he actually so charged himself in his account, then that was a part payment on account of the purchase, and he became liable for the balance.
The memorandum was subscribed by the party to be charged, and appears to. me to meet all the requirements of the statute. It was insisted, however, that it could not be called an agreement in wriiing, but only a mere proposition made by the plaintiff and not accepted by the defendants. The case shows that' it was delivered to the defendants by the plaintiff, and the parties acted on it by submitting a statement of their account in pursuance of its terms.
A further objection was made that if this letter *125 ■could be construed as a payment, it would not take the case out of the statute, as it was not made “ at the time of the agreement.” The fact of indebtedness at the time the letter was written, was found by the referee to be against the defendants, and more than one •hundred and twenty-five dollars, the half price of the stock. Moreover, the written agreement was the consummation of the verbal arrangement made by the parties, and is in fact and in law the actual agreement ■between them. The defendants held the stock as collateral to plaintiff’s indebtedness to them for the balance of the purchase money, as they had a right to ■¡do under plaintiff’s request. A tender of this stock was not necessary before asserting their counter-claim.
The judgment must be affirmed, with costs.
Freedman, J., concurred.